The opinion of the court was delivered by
McBnery, J.
The proees verbal of the notary before whom the meeting of the creditors of the insolvents was held shows that there was no appointment of syndic. There were two candidates.
John R. Picton, one of them, alleges that there were certain illegal votes cast, which, if eliminated, would entitle him to be appointed syndic. His opposition was filed within ten days from the meeting of creditors. Within the ten days in which oppositions can be filed to the proees verbal of the meeting of creditors, W. S. Benedict, on the schedule as a creditor, was appointed syndic, under Section 1810, R. S., during the pendency of the opposition of Picton. The attention of the District Judge was directed to this irregularity by a motion filed by Picton, and he, on the same day the motion was filed, set aside the order appointing Benedict. Prom this judgment Benedict has appealed.
It is very evident that the judge could. only appoint a syndic on the failure of the creditors to do so as directed in Section 1810, R. S. A delay of ten days is allowed within which to file an opposition to the proceedings of the meeting of the creditors. Picton filed his opposition within the legal delay, claiming to be the elected syndic.
No valid appointment therefore could be made pending the opposition; and if one had inadvertently been made by the judge, it was within his power to rescind the order when his attention was called to. the error.
It is therefore ordered that the judgment appealed from be affirmed.